September 22, 2015

Docket Number: 03-15-00471-CV

Trial Case Number: 14-0679-C

To:     Jeffrey D. Kyle, Clerk
        Court of Appeals
        Third District of Texas
        P.O. Box 12547
        Austin, Tx. 78711
        (512) 463-1733
        www.txcourts.gov/3rdcoa.aspx


From:   Rose M. Geister, Appellant
        156 Granite Shoals Drive
        Kyle, Tx. 78640
        (512) 644-7221
        rmg721@comcast.net


Dear Mr. Kyle;

I would like for this complaint form, details, and what I know to be the corrections, that should be on the transcript, to be added to my file as part of my record. I have sent a copy of all, to the Judicial Branch Certification Commission, on September 12, 2015. They are conducting an investigation at this time, and they are aware that I have appealed the case. The Court Reporter in question is Lori Schmid.

Thank you in advance for your time.

*Rose M. Geister*

Rose M. Geister

RECEIVED
SEP 2 3 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE



# JUDICIAL BRANCH CERTIFICATION COMMISSION

# COMPLAINT FORM

**Submit Form To:**
Judicial Branch Certification Commission
Certification Division
PO Box 12066, Austin, TX 78711
(Office) 512-475-4368 (Fax) 512-463-1117

*To file a complaint against a Certified Court Reporter, a Court Reporting Firm, a Certified Guardian, a Certified Process Server or a Licensed Court Interpreter, you must complete this form. The Complainant's identity is not confidential. A copy of the complaint and any related documentation may be forwarded to the Respondent, including your name and contact information. The documents and information provided may be released to the public.*

## COMPLAINANT'S INFORMATION: You, as the complaining party

| | |
|---|---|
| **Name:** | ROSE M. GEISTER |
| **Mailing Address:** | 156 GRANITE SHOALS DRIVE |

| **City:** KYLE | **State:** TEXAS | **Zip Code** 78640 |
|---|---|---|
| **Daytime Phone:** 512-644-7221 | **Alternate Phone:** ___ | **Fax:** ___ |

| | |
|---|---|
| **Email:** | RMG721@ COMCAST, NET |

## RESPONDENT'S INFORMATION: The person or firm you are complaining about

| | |
|---|---|
| **Name:** | LORI SCHMID |
| **Company or Firm:** | HAYS COUNTY COURT OF LAW |
| **Mailing Address:** | 712 S. STAGECOACH TRAIL STE. 2292 |

| **City:** SAN MARCOS | **State:** TEXAS | **Zip Code:** 78666 |
|---|---|---|
| **Phone:** 512-393-7740 | **Fax:** | |

| | |
|---|---|
| **Email:** | LORI. SCHMID @ CO. HAYS. TX. US |
| **License, Certification, or Registration Number:** | TEXAS CSR 4502 EXP. 12/31/15 |

**Please select the Respondent's certification, registration or license type:**

| ☒ Court Reporter | ☐ Court Reporting Firm | ☐ Certified Guardian |
|---|---|---|
| ☐ Certified Process Server | | ☐ Licensed Court Interpreter |

**Please describe your complaint in detail.** *Include names, dates, locations, and the facts surrounding your allegations. Attach any supporting documentation to this complaint. Additional pages may be used if needed.* Please number any additional pages.

I RECEIVED LORI SCHMID'S TRANSCRIPT, OF MY SUMMARY JUDGMENT / BREACH OF CONTRACT TRIAL, FROM JULY 13, 2015, ON AUGUST 31, 2015.

I IMMEDIATELY NOTICED THAT SEVERAL IMPORTANT THINGS SAID WERE NOT INCLUDED.

AS SOON AS I RETURNED HOME FROM COURT THAT DAY, I IMMEDIATELY WROTE DOWN WHAT WAS SAID, ESPECIALLY BETWEEN THE JUDGE (GLICKLER) AND MYSELF, AS HE HAD UPSET ME SO BADLY, AND DID NOT GIVE ME A CHANCE TO DEFEND MYSELF.

MY COMPLAINT IS, THAT THE TRANSCRIPT IS NOT CORRECT, AND THAT I WOULD LIKE IT TO BE INVESTIGATED TO FIND OUT WHY, AS IT IS NOW IN THE 3RD COURT OF APPEALS.

I AM ENCLOSING THE ORIGINAL TRANSCRIPT, ALONG WITH WHAT I KNOW WAS SAID.

IF YOU WOULD MATCH THE HIGHLIGHTED NUMBERS ON THE TRANSCRIPT TO PAGE #3 OF THIS COMPLAINT, YOU WILL SEE HOW IT SHOULD READ.

I AM READY, AND AVAILABLE, FOR ANYTHING THE COMMISSION MAY REQUEST FROM ME.

THANK YOU FOR YOUR TIME, IN ADVANCE.

ROSE M. GEISTER

| | |
|---|---|
| _Rose M. Geister_ | 9/12/2015 |
| Complainant's Signature | Date |

ROSE M. GEISTER
512-644-7221
RMG721@COMCAST.NET

Judicial Branch Certification Commission
PO Box 12066, Austin, TX 78711
(Office) 512-475-4368 (Fax) 512-463-1117
(Website) www.txcourts.gov/jbcc (Email) jbcc@txcourts.gov

Ms. Geister: 1. They have entered the court improperly. *PAGE 10*

The Court: 2. They are suing you, you are not suing them. *PAGE 11*
You had a chance to get yourself a lawyer too,
but you chose not to.

Ms. Geister: 3. I cannot afford a lawyer. *PAGE 11*

The Court: 4. I know! *PAGE 11*

Ms. Geister: 5. Discover is next up to be settled, which will be in *PAGE 12*
August of 2015. Zwicker and Associates is aware
of this.

Ms. Geister: 6. They are not the credit card company. I have asked
for proof as to what right, or authority, Zwicker has
to collect this debt, and I was ignored completely. *PAGE 12*
No answers from them, even though I put all
questions in the form of requests, or motions,
and filed, and dated all, thru the trial court first.
I do not owe Zwicker and Associates anything.
I do not have any signed contract with them.

Ms. Geister: 7. They have taken their tax credits, and insurance *PAGE 13*
write-offs.

The Court: 8. Probably. *PAGE 13*

Ms. Geister: 9. And, they cannot legally collect on this debt *PAGE 13*
afterwards.

The Court: 10. I am not listening to another word you say.
I have already made up my mind, I am going *PAGE 13*
to sign this right now for summary judgment/
breach of contract. Pay your bills, that is
what you are supposed to do.

Ms. Geister: 11. There was no signed contract to have breached!! *PAGE 13*

REPORTER'S RECORD
VOLUME 1 of 1
TRIAL COURT CAUSE NO. 14-0679C
APPELLATE COURT CAUSE NO. 03-15-00471-CV

| | |
|---|---|
| ROSE M. GEISTER, APPELLANT | ) IN THE COUNTY COURT |
| | ) |
| | ) |
| VS. | ) HAYS COUNTY, TEXAS |
| | ) |
| DISCOVER BANK, APPELLEE | ) AT LAW NO. 2 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MOTION FOR SUMMARY JUDGMENT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On the 13th day of July, 2015, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable David Glickler, the Court, held in San Marcos, Hays County, Texas:

Proceedings reported by computerized stenotype machine; Reporter's Record produced by Computer-Assisted Transcription.

## A P P E A R A N C E S

ROSE M. GEISTER, APPELLANT PRO SE:

**MS. ROSE M. GEISTER, Pro Se**
156 Granite Shoals Drive
Kyle, Texas 78640
512-644-7221
E-mail: rmg721@comcast.~~com~~ *NET*

FOR DISCOVER BANK, APPELLEE (Local Counsel):

**MR. PAUL VAN "PAUL" SWEARINGEN**
State Bar No. 19559500
Attorney at Law
2802 Colleen Drive
Canyon Lake, Texas 78233-5330
Telephone:  830-899-5212

**VOLUME 2**

**MOTION FOR SUMMARY JUDGMENT**

July 13, 2015

| | Page | Vol |
|---|---|---|
| Appearances.............................. | 2 | v1 |
| Case called............................. | 4 | v1 |
| Opening by Mr. Swearingen................. | 4 | v1 |
| Rebuttal by Ms. Geister.................. | 8 | v1 |
| Court's Ruling.......................... | 13 | v1 |
| Reporter's Certificate................... | 15 | v1 |

INDEX OF EXHIBITS

EXHIBIT   DESCRIPTION                    OFFERED   ADMITTED

(No exhibits offered.)

EXHIBIT A WAS OFFERED
(SEE PAGE 5)

HAYS COUNTY COURT AT LAW

THE COURT: We'll call Cause No. 14-0679C.

MR. SWEARINGEN: I believe the defendant is in the courtroom, Your Honor.

THE COURT: Ms. Geister?

MS. GEISTER: Yes.

THE COURT: Will you come forward please.

MS. GEISTER: Yes, sir.

THE COURT: Okay. We've been having a little problem with the electronic file this morning.

So this is a motion for summary judgment?

MR. SWEARINGEN: Yes, Your Honor.

THE COURT: All right. Counsel, identify yourself for the record.

MR. SWEARINGEN: Yes, Your Honor. May it please the Court.

My name is Paul Swearingen. I'm local counsel for Mr. Troy Bolen, who is plaintiff's attorney of record in this case.

This is a credit card case, Your Honor, for breach of contract to collect a $7,241.19 delinquent balance owed on defendant's credit card account, which was originated by the plaintiff,

Discover Bank.

The defendant filed a pro se answer in the case but has filed no written response to the plaintiff's motion for summary judgment.

Attached to the motion for summary judgment is Exhibit A, which is a business records affidavit made pursuant to Texas Rules of Evidence 8036 and 90210, which is a business records exception to the hearsay rule.

In the affidavit, the affiant states that she's a legal support specialist for Discover Products, Inc., who is the servicing affiliate of Discover Bank and that she is responsible for, among other things, maintaining the account records pertaining to the Discover card account and interacting with Discover card accountholders with regard to payments owed on those accounts.

She states further that the affidavit is made on the basis of her personal knowledge in support of plaintiff's suit on the account against the debtor.

She has knowledge regarding the access to the records of the Discover card account and the above-referenced debt -- debtor, who is the defendant in this the case, and maintains these records in the ordinary course of business by individuals with

personal knowledge or by automated process that track the events at or near the time that they occur, and that the same system that records the information also generates periodic statements that are sent to the accountholders. She has personally inspected the records pertaining to the account of the defendant and states that the account is in default because the defendant has not paid the amount due and owing to Discover Bank on the amount, or rather, on the account.

She finally states that the defendant's account with Discover Bank is governed by the terms and condition referred to in Discover Bank Products, Inc.'s term level 23a and attached as a copy of that, which is a copy of the card member agreement governing the transactions between the parties.

I would refer Your Honor's attention to Page 2 of that agreement, which states that the use of your account or a card by you or your authorized user, or your failure to cancel your account within 30 days after receiving a card --

THE COURT: Counsel, let me interrupt you. I apologize. However, technology is awesome. I don't know what's wrong with my system, but I can't get the file up, so --

MR. SWEARINGEN: I have copies of -- of it, Your Honor, if you would like to look at it.

THE COURT: I would, please. I glanced at it last week and now --

MR. SWEARINGEN: Here -- here's the provision of the card member agreement that I'm referring to, which is highlighted. I think that --

MS. GEISTER: Is my signature on that agreement?

THE COURT: Ma'am, hold on. You'll get a chance to rebut.

MR. SWEARINGEN: Okay. Furthermore, on page -- Pages 14 and 15, billing rights provides that the customer must notify the issuer within 60 days after any error appears on the statement or it's waived.

Also attached is a final account statement covering the period of time of which you will find after the -- the customer agreement. A copy of the final account statement dated 1-3-14 to 2-2-14 showing the final balance in the amount of $7,241.19, which is the amount for which suit is filed. Also attached are other statements including a statement dated October 24th, '13, to December the 2nd, 2013, showing $49.66 -- 64 cents worth of final purchases on

the account, and a final payment on the account of $93, which was made on December the 1st 2013.

Your Honor, it's our contention that the summary judgment evidence, which is attached to the motion, shows that there's no genuine issue as to any material fact and that plaintiff is entitled to judgment as a matter of law under rule 166a for which we would ask a judgment.

THE COURT: Okay. Ms. Geister, now it's your opportunity to address the Court.

MS. GEISTER: Okay. First of all, sir, in the Freedom Debt Relief -- and they're well aware of that. I have several things there for that. And they are -- they were noted on that, but since I've gone through studying and speaking to lawyers about this, I -- I do not think that they have a right to it. They're not the credit card company. They have no -- I have no agreement with them.

I'm looking for a motion to dismiss right now.

THE COURT: Have you filed a motion to dismiss, ma'am?

MS. GEISTER: No. No, sir.

THE COURT: Have you filed any challenge to the evidence that's --

MS. GEISTER: Yes.

THE COURT: -- been presented to --

MS. GEISTER: I know I have filed -- I have two -- two disputes because they -- the first one they just sent me a bunch of junk, nothing to -- to address the dispute. I filed -- I filed the sworn denial, a request to produce, a Federal Fair Debt Collection Practices Act debt verification. They've answered none of those for me. Like I said, the first one, they just sent me a bunch of papers, so...

THE COURT: Okay. Ma'am, you -- this is a motion for summary judgment. It's a hearing on their motion. Their motion for summary judgment alleges that all the information presented and attached to the motion proves that there is a debt, that you owe --

MS. GEISTER: Uh-huh.

THE COURT: -- the debt and that they're seeking judgment because there's no issues of fact. You asking questions or making demands doesn't raise issues of fact. There is nothing before this court that indicates that you don't owe this debt. You're challenging this on --

MS. GEISTER: I'm not saying that right now.

THE COURT: I understand, and by not saying that, you're actually proving up his motion for summary judgment.

Understand that what you may believe your rights to be or may think that -- or you've been told -- which isn't admissible evidence -- your rights to be, in that regard -- this is a civil lawsuit. It's been filed properly, the debt has been transferred. They filed a motion -- your -- your documents don't change the facts or challenge the facts; they request information.

MS. GEISTER: And --

THE COURT: I do have copies of this, by the way, in the file. Thank you.

MS. GEISTER: They never did validate the debt.

THE COURT: Okay.

MS. GEISTER: That is something that needs to be, you know, done --

THE COURT: That's --

MS. GEISTER: -- before they can proceed.

THE COURT: That's not an issue of fact that would make the debt -- the debt not truthful, nor is it an issue of fact that would challenge the motion

for summary judgment, so based on the --

MS. GEISTER: Okay. But then I complain that they're violating the Statute of Frauds.

THE COURT: That doesn't change the fact that this is a hearing on a motion for summary judgment, and there is no evidence contrary to the allegations in the motion for summary judgment. That's the only thing I'm allowed to do here at this point in time. If you wanted to fire -- file a counterpetition, you could have done so. If you wanted to hire an attorney to file a counterpetition and have those issues heard -- 2.

MS. GEISTER: 3. I have no money for stuff like that. That's why I'm here by myself.

THE COURT: 4. I do understand that.

MS. GEISTER: Yeah.

THE COURT: I'm also here understanding that they are suing you for $7,200 and change, and there's no issues of fact contrary to that. If they didn't --

MS. GEISTER: What -- what does this mean? This has been here the whole time. They're on there.

THE COURT: I have --

MS. GEISTER: They are on there.

THE COURT: Honestly, I have no idea what that is.

MS. GEISTER: Freedom Debt Relief, they -- they negotiate with them. 5.

THE COURT: They're not a party to this lawsuit. They're not in court. They're not -- they're not making any legal representations. You're handing me documents that have printed off the internet and that's not competent evidence in a court of law, so I don't know what you've been told or -- and none of that is relevant here.

I'm here today for one issue, the motion for summary judgment, and is there any contradictory evidence to what the motion has presented and there is none, so based on --

MS. GEISTER: There's no original -- I only have a contract with them. That's what I'm saying. They're -- 6.

MR. SWEARINGEN: Well, Your Honor, I'd like to respond to that.

This -- this is an action by Discover Bank who issued the credit card. This is not by a debt -- debt collection agency who purchased the debt. This is the original creditor who sued her.

THE COURT: I agree.

MS. GEISTER: The -- the credit card charged off. They have taken their tax credits, their insurance. *7, 8 AND 9*

MR. SWEARINGEN: We would object to any oral testimony that she's giving to the summary judgment entering, Your Honor.

MS. GEISTER: That's ridiculous.

*10.*

THE COURT: I'm going to find for the plaintiff on the motion for summary judgment.

*11.*

MS. GEISTER: I would like to appeal, sir.

THE COURT: You can --

MR. SWEARINGEN: I have not noted the court, Your Honor, on the judgment whether it's No. 1 or No. 2.

THE COURT: We're No. 2.

Ms. Geister, you can certainly file your notice of appeal and follow the appropriate procedures.

MS. GEISTER: All right.

THE COURT: My bailiff will get you to the clerk's office to get you copies of the judgment.

MR. SWEARINGEN: Thank you, Your Honor.

THE COURT: You're welcome.

MR. SWEARINGEN: May we be excused?

THE COURT: Yes, you may.

MR. SWEARINGEN: Thank you.

MS. GEISTER: Do I get a copy of that?

THE COURT: If you'll follow my bailiff down to the clerk's office.

MS. GEISTER: Okay. Sure.

THE COURT: Yes, ma'am.

(Proceedings concluded.)

THE STATE OF TEXAS          )

COUNTY OF HAYS              )

I, LORI SCHMID, Official Court Reporter in and for the County Court at Law No. 2 of Hays County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost of the preparation of this Reporter's Record is $75.00 and was paid by Ms. Rose Geister.

WITNESS MY OFFICIAL HAND this the 31st day of August, 2015.

**/s/ Lori Schmid**
**LORI SCHMID**, Texas CSR 4502
Expiration Date: 12/31/15
Hays County, Texas
712 S. Stagecoach Trail, Suite 2292
San Marcos, Texas 78666
(512) 393-7740